IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION


| | | |
|---|---|---|
| DANNY GREENE | § | |
| VS. | § | CIVIL ACTION NO.  5:13-CV-115 |
| WARDEN S. YOUNG | § | |


## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Danny Greene, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court.  The magistrate judge recommends that the petition be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence.  Petitioner filed objections to the magistrate judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).  After careful consideration, the Court concludes the objections are without merit.

First, petitioner argues that the magistrate judge's summary of the facts was insufficient to allow the Court to rule on the issues.  This objection lacks merit.  The Court has thoroughly reviewed

all of the pleadings and exhibits filed in this case, including the factual background provided by the petitioner.

Petitioner requests an evidentiary hearing so that he can present his records to the Court. However, an evidentiary hearing is unnecessary because the records petitioner submitted as exhibits are part of the court's file and have been considered by the Court. Further, an evidentiary hearing on the merits of petitioner's claims is not warranted because there are no material facts in dispute.

Next, petitioner states his prior convictions should have no bearing on the application of a statutory mandatory minimum sentence. In fact, the prior convictions did not affect his statutory sentence range. Petitioner was assessed criminal history points for the prior convictions, which increased his sentencing guideline range, but the prior convictions were not used to statutorily enhance petitioner's sentence as a career offender.

Petitioner's claim that he should be resentenced because two of his prior convictions were vacated after he was sentenced in federal court is not cognizable in a petition for writ of habeas corpus under § 2241. In *Reyes-Requena v. United States*, the United States Court of Appeals for the Fifth Circuit held that the savings clause of 28 U.S.C. § 2255, which in limited circumstances allows a petitioner to file under § 2241, only applies to a claim that: (i) is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner's claim does not meet either prong of the *Reyes-Requena* standard because it is not based on a retroactively applicable Supreme Court decision, and petitioner could have raised the claim in his first § 2255 motion because both convictions were

vacated before it was filed.  In addition, petitioner's claim does not meet the *Reyes-Requena* standard because he challenges the validity of his sentence, not his conviction.  *Amlee v. United States*, 599 F. App'x 203, 204 (5th Cir. 2015); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

Finally, petitioner contends that the order restoring his civil and political rights with respect to a prior rape conviction is considered an expunged conviction.  Thus, petitioner argues the conviction should not have been included in his Presentence and should not be considered by the Bureau of Prisons to determine petitioner's prison assignment. Expunged convictions are not considered when assessing criminal history points under the United States Sentencing Guidelines. U.S.S.G. § 4A1.2(j).  Application Note 6 of the Sentencing Guidelines explains that a prior conviction is not counted if it was reversed or vacated because of errors of law or evidence exonerating the defendant, or if the conviction was ruled constitutionally invalid.  In this case, petitioner's rape conviction was properly counted because it was not reversed or vacated due to legal or constitutional errors or evidence exonerating petitioner.  Although his civil and political rights were restored, the restoration of those rights is not considered an expunged conviction. *United States v. Hoyle*, 751 F.3d 1167, 1172-74 (10th Cir. 2014).  Therefore, this objection also lacks merit.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the report and recommendation of the magistrate judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 29th day of July, 2015.**


ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE